UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BOYEDE OLAJIDE,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN,<br><br>Defendant. | Case No. 18-cv-04225-EMC<br><br>**ORDER (1) GRANTING PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION; (2) FINDING AS MOOT PLANTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER; AND (3) DISMISSING COMPLAINT**<br><br>Docket Nos. 1- 3 |

The instant case is the third that Plaintiff Ronald Boyede Olajide, proceeding pro se, has recently filed against Governor Edmund G. Brown in his official capacity. *See also Olajide v. Brown*, No. C-18-3991 CRB (N.D. Cal.); *Olajide v. Brown*, No. C-18-3151 WHA (N.D. Cal.). In each case, the presiding District Court Judge granted Mr. Olajide's application to proceed in forma pauperis but dismissed his complaint pursuant to its review under 28 U.S.C. § 1915(e). In Case No. C-18-3991 CRB, Judge Breyer also denied Mr. Olajide's motion for a temporary restraining order as moot.

Like the District Court Judges above, the undersigned **GRANTS** Mr. Olajide's application to proceed in forma pauperis but **DISMISSES** his complaint because it does not pass review under § 1915(e). Mr. Olajide's complaint is rambling and very difficult to understand. As best the Court can comprehend, Mr. Olajide alleges as follows.

In 2003, Mr. Olajide owned a car. *See* Compl. ¶ 10. Before operating the car, he received a communication from the Judicial Council of California, *see* Compl. ¶ 11; based on that communication, he understood that a person who violates the California Vehicle Code is required to pay penalties or fees, *see* Compl. ¶ 7, and the only way to prevent or discharge these penalties

or fees is for the person to perform "contractual services" in court and "play the role of a named 'defendant.'" Compl. ¶ 8; *see also* Compl. ¶ 9 (alleging that "[t]he bail is used to secure the accused's performance of a service imposed by law to appear before the court"). Mr. Olajide was afraid that he might be charged with a violation of the California Vehicle Code, and, based on the communication above, he "believed he had no other choice but to work for the State of California-Department of Motor Vehicle[s] . . . before operating his private automobile on the public highway. [He] was forced to stop all operations of his business and allocate all of his resources to travel to the DMV office where [he] was readily identified as a Black Citizen of the U.S.A. and requested to perform non-employee contractual services under duress." Compl. ¶ 12. The DMV also appropriated Mr. Olajide's private property "including his fingerprint, images of his likeness, D.N.A. and his trade name RONALD BOYEDE OLAJIDE." Compl. ¶ 16. According to Mr. Olajide, he performed "various non employee contractual services under duress" for years. Compl. ¶ 15. In April 2018, Mr. Olajide submitted a claim to the state of California for $1 trillion based on the services rendered and the appropriation of his private property. *See* Compl. ¶ 16. The claim was denied.

Based on, *inter alia*, the allegations above, Mr. Olajide has asserted the following claims for relief: (1) peonage; (2) violation of 42 U.S.C. § 1981; (3) violation of 42 U.S.C. § 1983 (the Thirteenth Amendment and the Equal Protection Clause); and (4) violation of 42 U.S.C. § 1985. As relief, Mr. Olajide seeks, *inter alia*, an order requiring the $1 trillion claim to be paid and an injunction preventing the state government from depriving him of his rights.

The Court dismisses Mr. Olajide's claims because they are implausible. He alleges, in effect, that the DMV forced him to do work but, tellingly, fails to specify what work he was compelled to do. He also alleges that the DMV appropriated his private property but, tellingly, does not explain why the DMV purportedly did so when it seems more plausible that he was providing, *e.g.*, his social security number, name, fingerprints, and so forth in order to obtain a service from the DMV. *See* Compl. ¶ 13.

Furthermore, regardless of the merits of Mr. Olajide's claims, the relief he seeks is problematic. He, in effect, seeks damages against the state, but the state is immune from monetary

1 damages under the Eleventh Amendment. *See Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1195 (9th Cir. 2005) (noting that states "'are immune from private damage actions . . . brought in federal court'"). As for his claim for injunctive relief, *see Goldberg v. Ellett (In re Ellett)*, 254 F.3d 1135, 1138 (9th Cir. 2001) (stating that, "[u]nder *Ex Parte Young* and its progeny, a suit seeking prospective equitable relief against a state official who has engaged in a continuing violation of federal law is not deemed to be a suit against the State for purposes of state sovereign immunity"), there are standing problems and irreparable injury is questionable. *See Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012) (stating that "[t]o have standing to assert a claim for prospective injunctive relief, a plaintiff must demonstrate 'that he is realistically threatened by a repetition of [the violation]'"); *Kaloud, Inc. v. Shisha Land Wholesale, Inc.*, No. 16-56138, 2018 U.S. App. LEXIS 14250, at *4 (9th Cir. May 30, 2018) (noting that, in order for a plaintiff to obtain an injunction, she must show "that remedies available at law, such as monetary damages, are inadequate to compensate for that [irreparable] injury").

For the foregoing reasons, the Court dismisses Mr. Olajide's complaint. Although leave to amend is to be liberally granted, Mr. Olajide's complaint is so fanciful that a dismissal with prejudice is warranted. *See Greene v. Dir., Admin. Office of the United States Courts*, No. C-98-3648-MHP, 1998 U.S. Dist. LEXIS 20555, at *4-5 (N.D. Cal. Dec. 30, 1998) (stating that, "where the complaint alleges facts that are 'clearly baseless,' 'fanciful,' or 'delusional' it may be dismissed as frivolous" and, "if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice"); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (stating that a "court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional'").

///
///
///
///
///

Accordingly, the Court orders the Clerk of the Court to enter a final judgment in accordance with the above and close the file in this case. Mr. Olajide's motion for a temporary restraining order is moot.

**IT IS SO ORDERED**.

Dated: July 16, 2018

_____
EDWARD M. CHEN
United States District Judge